UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kathy M. Pedersen, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-04-767 |
| Michael J. Astrue, | § § § | |
| Defendant. | § | |

## Opinion on Time-Sheet

1. *Background.*

Victor Makris successfully represented Kathy M. Pedersen in a social security disability appeal. Pedersen was awarded $54,115 in past-due benefits. They had agreed on a 25% contingency fee. Makris has already been paid $5,300 for his representation during the administrative phase. He now seeks court-approval for the remainder of his fee, $8,228.75, without having submitted a time-sheet itemizing his representation. The Commissioner says that he is not opposed to Makris receiving a fee but says that he should be required to submit a time-sheet to determine its reasonableness.

2. *Other Cases in the Southern District.*

Makris has advocated strict adherence to contingent fees before – with varying results. In 2003, he was awarded $6,971 for 36.25 hours of work. The court said that it would find his fee to be reasonable even if it only considered the 6.5 hours that he spent in federal court instead of those hours combined with his time before the administration. *Brantley v. Barnhart*, No. H-00-1380 (S.D. Tex. July 1, 2003) (Hittner, J.).

In 2008, the court approved his fee of $6,840.75. In that case, Makris did not submit an itemized time-sheet. He said that if he had itemized his hours, they would total over thirty-five hours. The court was convinced by his explanation that he reviewed records, researched cases, and wrote a sixteen-paged brief during that time. He also said that his normal hourly rate

was $195. *Martay v. Astrue*, 2008 U.S. Dist. LEXIS 55158, *2-*3 (S.D. Tex. 2008) (Smith, M.J.).

In early 2009, a magistrate judge requested Makris's record of hours. After reviewing it, the magistrate recommended that the sixteen hours that he spent on administrative tasks was excessive and unreasonable. The district court agreed with the magistrate's recommendation. For those hours spent on administrative tasks, the court reduced his effective hourly rate from $287.80 to $37.80. This reduced his award from $18,779.50 to $14,779.50.*Carter v. Astrue*, 2009 U.S. Dist. Lexis 19011, *2-*3 (S.D. Tex. 2009)(Atlas, J.).

3.　*Gisbrecht.*

The Supreme Court eliminated the use of the lodestar to determine fees for successful social security benefit recipients. While it approved of contingency agreements, it also cautioned that a court must assess its reasonableness. The burden of showing its reasonableness belongs to the attorney. The Court said:

> If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent fee cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

4.　*Analysis.*

Makris says that the more a court becomes involved parsing hours, the closer it approaches the lodestar calculation of reasonable hours at a reasonable rate. To a certain extent, he is right. Imposing a reasonableness review injects unpredictability into the most promising cases – those with potentially large past-due benefits. Makris's own record in this district shows this. *See also Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173-74 (C.D. Cal. 2006) (the court acknowledges that its downward fee adjustment is somewhat arbitrary and predicts that guidance from appellate courts is unlikely given the level of deference on review).

Even so, there is no way around the necessity of submitting an itemized time-sheet. The court is left to "guestimate" the hours spent on each task – research, drafting, and court-time. Makris must commit to some detail of what was done in this case for two reasons. First, to make sure that he is not billing for tasks that would usually be assigned to support staff. Second, to ensure he is keeping accurate records.

Makris does not have to account for thirty-three hours, which would be his customary fee of $250 divided into the $8,228.75 he seeks. Risk is inherent in contingent representation. His fee could be reasonable at 23 hours if he can show that he did the work that a reasonable lawyer would do during the time he says it took him to do it.

Makris also says that his client approves his fee. This does not relieve the court of its independent duty to ensure its reasonableness. *Cartier v. Astrue*, 2009 Dist. Lexis 38621, *9 (S.D. Tex. 2009) (Botley, M.J.).

5. *Conclusion.*

Makris will file an itemized time-sheet for his work in this case.

Signed on December 23, 2009, at Houston, Texas.

Lynn N. Hughes
United States District Judge